JS 44 (Rev. 06/17) FLSD Revised 06/01/2017

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

**I. (a) PLAINTIFFS** Stephen Arpaia, Individually and on Behalf of All Others Similarly Situated

**DEFENDANTS** Bonita Springs Acquisition, LLC

**(b)** County of Residence of First Listed Plaintiff  Palm Beach County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Medina County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Yasinian & Cook, LLC
3040 Oasis Grand Blvd 2803, Fort Myers, FL 33916

Attorneys *(If Known)*

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☒ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | **LABOR** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | **Other:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed (See VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation Transfer
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Multidistrict Litigation – Direct File
☐ 9 Remanded from Appellate Court

**VI. RELATED/ RE-FILED CASE(S)** (See instructions): a) Re-filed Case ☐ YES ☒ NO    b) Related Cases ☐ YES ☒ NO
JUDGE: _____    DOCKET NUMBER: _____

**VII. CAUSE OF ACTION** Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. 227 - Violations of the Telephone Consumer Protection Act
LENGTH OF TRIAL via ____ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:** ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $5,000,000.00   CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
DATE October 2, 2017   SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT #    AMOUNT    IFP    JUDGE    MAG JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No.: _____

STEPHEN ARPAIA, Individually and on Behalf of
All Others Similarly Situated

    Plaintiff,

v.

BONITA SPRINGS ACQUISITION, LLC,

    Defendant.
_____/

Class Action Complaint - Jury Demanded

## PLAINTIFF STEPHEN ARPAIA'S
## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1. Stephen Arpaia ("**Plaintiff**") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("**TCPA**"), a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin.Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Id.* at 744. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them. Thus, and as applicable here, Section 227(b)(1)(A)(iii) of the TCPA specifically prohibits the making of "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a …cellular telephone service[.]"

1

3. The TCPA prohibits calls to a cell phone made with an auto dialer or with an artificial or prerecorded voice unless prior express consent is given.

4. Bonita Springs Mitsubishi, a fictitious business name of, BONITA SPRINGS ACQUISITION, LLC, located at 6397 MANOR GLEN DR MEDINA, OH 44256. ("**Defendant**") made telemarketing calls to Plaintiff's cell phone beginning in 2017.

5. On at least two occasions, Defendant called Plaintiff's cell phone using an automatic telephone dialing system ("**ATDS**") and a prerecorded voice. Because Plaintiff had not given his consent to receive the telemarketing robocall call from Defendant, the calls violated the TCPA.

6. This is the exact scenario Congress attempted to prevent in enacting the TCPA. Plaintiff now seeks this Court's intervention and help in attempting to prohibit this unlawful conduct.

7. Because the calls were transmitted using technology capable of generating hundreds of thousands of telemarketing calls per day, and because telemarketing campaigns generally place calls to hundreds or thousands of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

8. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

### Parties

9. Plaintiff is a resident of Florida.

10. Upon information and belief Defendant is a limited liability company with an address of 6397 MANOR GLEN DR., MEDINA, OH 44256. Defendant is the owner and operator of Bonita Springs Mitsubishi. Bonita Springs Mitsubishi is a fictitious business name registered and used by Defendant in the state of Florida.

### Venue

11. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

12. Venue is proper because the Defendant is a resident of this District and Defendant has sufficient contacts in this State and District to subject it to personal jurisdiction.

### Article III Standing

13. Plaintiff has Article III standing for his claim under the TCPA. *Spokeo, Inc. v. Robins*, --- S.Ct. ---, 2016 WL 2842447, at *5 (U.S. May 16, 2016).

14. Plaintiff was harmed by Defendant's actions of calling his cell phone without consent and with an ATDS and/or a prerecorded voice in the following manners:

a. Plaintiff's privacy was invaded by Defendant;

b. Plaintiff was harassed and abused by Defendant's telephone calls;

c. Defendant's calls were a nuisance to Plaintiff;

d. Plaintiff's cell phone was unavailable for other use while processing the illegal calls from Defendant;

e. Defendant illegally seized Plaintiff's cellular telephone line while it made the illegal call to Plaintiff's cellular telephone;

f. Plaintiff's cellular telephone line was occupied by the unauthorized calls from Defendant;

g. Defendant's seizure of Plaintiff's cellular telephone line was intrusive; and

h. Plaintiff was inconvenienced by Defendant's calls, by among other things, hearing his cell phone ring and having to check the calling party.

### The Telephone Consumer Protection Act

15. Advances in telecommunications technology have provided benefits to American society. But those benefits are not cost-free; new technologies bring with them new ways to intrude upon individual privacy and waste the time and money of consumers. The 1980s and 90s brought an explosion of abuses of telephone and facsimile technology, including the use of auto-dialers to clog telephone lines with unwanted calls, "robo-calls" with unsolicited or unwanted, prerecorded messages, and "junk faxes" that consume the recipients' paper and ink and interfere with the transmission of legitimate messages.

16. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

17. Through the TCPA, Congress outlawed telemarketing via unsolicited automated or pre-recorded telephone calls ("robo-calls"), finding: [R]esidential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy…Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call[,] . . .

is the only effective means of protecting telephone consumers from this nuisance and privacy invasion. *Id.* § 2(10) and (12); S*ee also Mims*, 132 S. Ct. at 745.

### The TCPA Bans Autodialer and Pre-recorded Voice Calls to Cell Phones

18. The TCPA's most stringent restrictions pertain to computer-generated telemarketing calls placed to cell phones.

19. The TCPA regulates, among other things, the use of automated telephone equipment, or "auto-dialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. Section 227(b)(1)(A)(iii) also prohibits the use of artificial or prerecorded voices in a call to a wireless number in the absence of an emergency or the prior express consent of the called party.

20. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

### Factual Allegations
### Defendant Placed Telemarketing Calls to the Plaintiff

21. Plaintiff is the owner of and user of the cellular telephone number (239) 451-8273. Plaintiff is the "called party" with respect to the calls placed to his cellular telephone number. The telephone calls, one of which is quoted below, was made to Plaintiff's cellular

5

telephone number (239) 451-8273. The calls at issue were not placed by Defendant to Plaintiff's cell phone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

22. Beginning in fall of 2017, Plaintiff began receiving prerecorded telemarketing robocalls telephone calls from Defendant.

23. The telephone calls were for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services. Specifically, Defendant was encouraging Plaintiff to buy a car from Defendant.

24. Plaintiff received at least two of these unsolicited telemarketing robocalls from Defendant. For example, on June 11, 2017, at approximately 12:52 pm Defendant called Plaintiff's cell phone and using a prerecorded voice played the following prerecorded message:

> Hi this is Nelson with Bonita Springs Mitsubishi. I left you this personal message because during our huge markdown madness event, you definitely will receive a popular MP3 player and a Las Vegas vacation just by listening to this message and coming into the dealership. This is not a joke. Your winning confirmation number is 7755. Write that down. That's 7755. It's the biggest sales event ever to come to Bonita Springs Mitsubishi and it's happening now until Sunday June the 11th. During our event you will also receive a free smart watch just by test driving a vehicle. If you have bad credit, don't worry. 100% credit approval is our goal. Come see Nelson with Bonita Springs Mitsubishi located at 28450 Tamiami Trail right here in Bonita Springs now until Sunday June the 11th. We'll be looking for you.

25. Other people have complained about the same unsolicited and illegal robocalls and messages from Defendant and "Nelson." (See Exhibit A).

26. On information and belief all of the above described calls were placed through an automatic telephone dialing system. Additionally, all of the calls were made with an artificial or

prerecorded voice.[1] The calls were placed without the Plaintiff's prior express written consent. Plaintiff is not a customer of Defendant and has not provided Defendant with his written consent to be called on his cellular telephone number.

27.     All of the calls were made by Defendant employees or Defendant's authorized agents and partners in Defendant's solicitation scheme. Thus, all of the calls were made on behalf of Defendant.

### Class Action Allegations

28.     As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

29.     The class of persons Plaintiff proposes to represent with respect to Count One is tentatively defined as:

> **all persons who, on or after four years prior to the filing of this Complaint, Defendant, directly or through its employees/agents, called on a cellular telephone line by the use of an automatic telephone dialing system or with an artificial or prerecorded voice and played (i) the same or similar message as received by Plaintiff and as described in paragraph 24; or (ii) any of the previous prerecorded messages (or messages similar thereto) from Defendant received by Plaintiff.**[2]

30.     The class as defined above is identifiable through Defendant's phone records and phone number databases.

31.     Numerosity. Plaintiff does not know the exact number of members in the proposed class, but reasonably believes based on the scale of Defendant's business, and the

---

[1] A digital file of this recording is available for Defendant's review.
[2] The previous messages will be identified in discovery as Plaintiff no longer has the voicemails of the previous messages. The recipients of any of the messages will also be identified in discovery.

7

number of autodialed robo-calls that he received, that the class is so numerous that individual joinder would be impracticable. On information and belief, the potential class members number at least in the hundreds or thousands.

32. Adequacy. Plaintiff will fairly and adequately protect the interests of the Class members, he has no interests antagonistic to the class, and has retained counsel experienced in complex class action litigation.

33. Typicality. Plaintiff's claims are typical of the class. On information and belief, the same or similar telemarketing messages were sent to members of the class. Each of the messagaes/calls violated the TCPA in the same manner. Plaintiff and all members of the proposed class have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, cell phone battery use, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

34. Plaintiff is a member of the class.

35. Commonality. There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

    a. Whether Defendant violated the TCPA by engaging in advertising by unsolicited telemarketing calls;

    b. Whether Defendant or its agents, within the four years before the filing of the initial Complaint, placed calls to cellular telephone numbers using an automatic telephone dialing system or an artificial or prerecorded voice without obtaining the recipients' prior express written consent for the call;

c. Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendant's actions; and

d. Whether injunctive relief is appropriate.

35. The actions of Defendant are generally applicable to the class as a whole and to Plaintiff.

36. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. Class members do not have an interest in pursuing separate individual actions against Defendant, as the amount of each class member's individual claims is relatively small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices under the TCPA. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single action.

37. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

38. Plaintiff intends to send notice to all Class Members to the extent required by Rule 23(c)(2) of the Federal Rules of Civil Procedure.

39. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## CAUSES OF ACTION

### Count One:
**Violation of the TCPA's Provisions Prohibiting Autodialer and Artificial or**

### Prerecorded Message Calls to Cell Phones

40. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

41. The Defendant violated the TCPA by initiating a telephone call using an automated dialing system or prerecorded voice to Plaintiff's telephone number assigned to a cellular telephone service without prior express consent. *See* 47 C.F.R. 64.1200(a)(1)(iii); 47 U.S.C. § 227(b)(1).

42. The Defendant's violations were negligent or knowing/willful.

### Count Two:
### Injunctive Relief to Bar Future TCPA Violations

43. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

44. The TCPA authorizes injunctive relief to prevent further violations of the TCPA.

45. The Plaintiff respectfully petitions this Court to order the Defendant, and their employees, agents and independent distributors, to immediately cease engaging in unsolicited telemarketing in violation of the TCPA.

### Relief Sought

46. For himself and all class members, Plaintiff requests the following relief:

a. That Defendant be restrained from engaging in future telemarketing in violation of the TCPA;

b. That Defendant, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members;

c. That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel be named as counsel for the class;

d. That the Plaintiff and all class members be awarded statutory damages of $500 for each violation, with triple damages for any willful or knowing violation, as provided by the law;

e. That the Plaintiff recover his attorneys' fees and costs; and

f. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable**

Dated: October 2, 2017

Respectfully submitted,

By: /s/ _____
Kaivon Yasinian, Esq.

YASINIAN & COOK, LLC
Kaivon Yasinian, Esq.
FL Bar No: 107776
3040 Oasis Grand Blvd 2803
Fort Myers, FL 33916
Telephone: (727) 266-7555
kyasinian@yclegal.net

YASINIAN & COOK, LLC
Michael A. Cook, Esq.
FL Bar No: 0107683
3040 Oasis Grand Blvd 2803
Fort Myers, FL 33916
Telephone: (772) 872-1407
mcook@yclegal.net

## **VERIFICATION**

I, Stephen Arpaia, declare that I have reviewed the foregoing Class Action Complaint ("Complaint") and authorize its filing. I have reviewed the allegations made in the Complaint, and to those allegations of which I have personal knowledge, I believe those allegations to be true. As to those allegations of which I do not have personal knowledge, I rely on my counsel and their investigation and for that reason to believe them to be true.

Executed this 2 day of October 2017

_____
Stephen Arpaia

**EXHIBIT A**

12

≡    **239-494-6968**                                                                 🔍

Country: USA

239 area code: Florida (Cape Coral)

Read comments below about 2394946968.    Report unwanted calls  to help identify who is using this phone number.

  **Michelle**                                              👎  0  👍
                      22 Jun 2017

Left recorded voicemail about big weekend car sale, insane free gifts with purchase or test drive. Ask for Nelson. I'm not even shopping for a car or been near there! Oddly my friend visited recently. Wonder if they hacked his phone.

*Caller: Bonita Springs FL Mitsubishi*

*Call type: Telemarketer*

13

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida  ▼

)
Stephen Arpaia, Individually and On Behalf of All )
Others Similarly Situated )
_____ )
*Plaintiff(s)* )
v. ) Civil Action No.
)
)
)
Bonita Springs Acquisition, LLC )
_____ )
*Defendant(s)* )

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*  Bonita Springs Acquisition, LLC
6397 Manor Glen Dr.
Medina, OH 44256


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Kaivon Yasinian, Esq.
FL Bar No. 107776
Attorney for Plaintiff
3040 Oasis Grand Blvd 2803
Fort Myers, FL 33916

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*


Date: _____     _____
*Signature of Clerk or Deputy Clerk*